## SUPREME COURT.

### Sprong agt. Snyder.

A motion for an extra allowance of costs, in cases tried by referees, may be made at any place where, under the restrictions of § 401, any other motion in the action might be made. (*The case of Niver agt. Rossman*, 5 How. Pr. R. 153, *not concurred in.*)

An extra allowance can not be had in an action brought to restrain the foreclosure of a mortgage. It is not a case within § 309.

*Albany Special Term, March* 1851. *Motion for extra allowance.* The action was brought to restrain the foreclosure of a mortgage. The venue is in Schoharie. The cause was tried by a referee, who decided in favor of the plaintiff. The hearing and argument before the referee continued four days. The question litigated seems to have been whether the plaintiff, who was a purchaser of the mortgaged premises, was chargeable with notice of the defendant's mortgage.

J. H. Ramsay, *for Plaintiff.*

Thomas Smith, *for Defendant.*

Harris, Justice.—There is nothing in the papers upon which this motion is founded, showing that the plaintiff is entitled to

any costs at all, but as it seems to have been assumed by both parties, that the plaintiff is entitled to costs, I infer that the referee in deciding the case in favor of the plaintiff awarded him costs. I shall, therefore, assume that the question of an extra allowance is properly before me.

The defendant's counsel insists that the motion should have been made in Schoharie, and relies upon the case of Niver agt. Rossman (5 *Howard*, 153), as an authority supporting his position. It is true that the learned judge, whose decision is referred to, seems to think that the terms of the 86th rule requires the application, in a case like this, to be made in the county where the trial has been had. In this conclusion I can not concur. I do not understand the rule mentioned as having any application whatever to cases of this description. The learned judge, whose opinion is cited, himself admits that it was not intended to make the rule applicable to such cases, and yet he thinks it has been so expressed as to require that it should be so applied; I am unable to perceive this necessity. Where " *a trial is had*," the rule confines the application for an additional allowance to " the court before which such trial is had." This clearly presupposes that there has not only been a trial, but that it has been had before some court. This branch of the rule can only be applicable to such a case. Of course, it can not be applicable to a trial before a referee, for such a trial, although it is declared that the decision shall stand as the decision of the court, certainly is not, within the meaning of the rule, a trial before a court. If it were, it would be necessary to make the application to the referree before whom the trial was had. One other class of cases is provided for, in the last clause of the rule. These cases are such as, though not tried upon any issue of law or of fact, are heard by the court at the circuit or special term, and judgment rendered therein upon such hearing. It is to this class of cases that the second paragraph in the 308th section of the Code refers. In these cases, the rule declares that the application for an additional allowance shall be made to the court " *before which the judgment is rendered.*" If the Code permits an addi-

tional allowance to be made in any other case, the mode of such application is not prescribed by the rule. What court is it that *renders judgment* upon the decision of a referee? I understand it to be the Supreme Court—not the Supreme Court of Schoharie, or of Albany—but of the state of New York. If this be so, the motion for an allowance may be made at any place where, under the restrictions of the 401st section of the Code, any other motion in the same action might be made. I think, therefore, that the motion is properly made in Albany.

But there is another difficulty in the plaintiff's way, which seems to me to be fatal to his motion. The action is not brought for the recovery of money or property—neither is it brought for any of the purposes specified in the second clause of the 308th section of the Code. The action is brought for the sole purpose of restraining the collection of a mortgage. The plaintiff has succeeded, but the judgment he has recovered is not within the enumeration of cases contained in the 309th section of the Code, prescribing the rates at which the additional allowance, when made, shall be estimated. I can not see that the court has any power to make an additional allowance in such an action. For this reason the motion must be denied, but without costs.